Eugene **HUNTER,** Jr., Plaintiff–Appellant,

v.

Robert E. **MILLER,** Miami Dade Sheriff's Office, d.b.a. Metro Dade Police Department, Defendants–Appellees.

No. 09–15400
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 22, 2010.

Eugene Hunter, Jr., Milton, FL, pro se.

Wifredo A. Ferrer, Miami Dade County Atty's Office, Miami, FL, for Defendants–Appellees.

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellant, a prisoner proceeding *pro se,* appeals the district court's dismissal of his complaint brought under 42 U.S.C. § 1983 to vindicate his rights under the Fourth and Fourteenth Amendments.[1] The court dismissed the complaint because, although appellant alleged that appellee's challenged conduct occurred before he was

---

1. As a preliminary matter, we decline to reconsider our previous determination that Hunter's appeal is timely because the district court did not enter its final judgment in a separate document. *See* Fed. R.App. P. 4(a)(7)(A)(ii).

arrested or legal process commenced, it constituted a tort action for malicious prosecution.

When, as here, a plaintiff alleges that his seizure occurred as part of the institution of a criminal prosecution, the Fourth Amendment violation is analogous to the tort of malicious prosecution. *Whiting v. Traylor*, 85 F.3d 581, 586 (11th Cir.1996). *Id.* at 586. In that appellant was convicted, he cannot establish an essential element of the tort—that his prosecution terminated in his favor.[2] His complaint was therefore due to be dismissed.[3]

Affirmed.

---

**2.** Under Florida law, to establish the tort of malicious prosecution, a plaintiff must establish each of six elements:

(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5)

there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir.2004).

**3.** In light of this conclusion, we need not consider whether appellant's claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).